UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

ERIC PEREZ,

                Petitioner,

                                                                                                                                                                            DECISION AND ORDER
            -v-                                                           20-CV-6294 CJS

JULIE WOLCOTT,
Orleans Superintendent,

                Respondent.
_____

## INTRODUCTION

Before the Court is a *pro se* petition filed pursuant to 28 U.S.C. § 2241(c)(3) challenging the conditions of Petitioner's confinement by the State of New York, and a motion (ECF No. 11) by Respondent in lieu of an answer, to convert the petition to one under 28 U.S.C. § 2254, and to dismiss the petition for failure to exhaust administrative remedies.  For the reasons discussed below, Respondent's motion is granted, and the action is dismissed without prejudice.

## BACKGROUND

Petitioner is serving a sentence for manslaughter in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), and is scheduled to be released in December 2021.  Petitioner contends that he suffers from asthma.

On May 6, 2020, Petitioner commenced this action by filing the Petition, which purports to assert a habeas corpus claim under 28 U.S.C. § 2241(c)(3).  The petition

1

essentially requests that this Court modify Petitioner's state sentence and grant him "time served," based on allege unconstitutional conditions of confinement. The alleged unconstitutional conditions of confinement are that Petitioner has asthma, which, along with the fact that living conditions at his prison facility do not allow him to practice "social distancing," places him at increased risk of contracting Covid-19.

Liberally construed, the Petition purports to assert "substantive due process violations" and 8th Amendment violations, arising from an "amalgam" of "two theories": "unconstitutional conditions of confinement" and "deliberate indifference to serious medical needs."[1] Pet. at p. 11.

The Petition does not otherwise challenging Petitioner's underlying conviction or sentence.

The request that Petitioner be granted "time served" is characterized as a request for a temporary restraining order and preliminary injunction.

On August 25, 2020, Respondent filed the subject motion (ECF No. 11) "to convert, dismiss and stay,"

> requesting that this Court (a) upon reasonable notice to petitioner, convert petitioner's *pro se* habeas corpus petition, filed under 28 U.S.C. § 2241, to a petition under 28 U.S.C. § 2254; (b) upon conversion, dismiss the petition for failure to state a claim; and, in the event the court denies the motion to dismiss, (c) stay respondent's time to answer the petition until 15 days after this Court denies dismissal.

ECF No. 11 at p. 2. Respondent contends that 28 U.S.C. § 2241 is not available to an inmate confined in state custody; that "28 U.S.C. § 2254 is the only means by which this

---

[1] The Petition does not indicate that Petitioner has been denied any particular medical treatment. Rather, it contends that the continued incarceration of an asthmatic during the Covid-19 Pandemic amounts to deliberate indifference to a serious medical need.

Court could order petitioner's release;" and that that Petitioner did not seek any relief from the New York State courts before filing this action. *Id*. at p. 4.

Respondent contends, therefore, that the Court should convert the petition to one under § 2254, but that before doing so the Court should give Petitioner an opportunity to withdraw the petition, "because petitioner may jeopardize his options for future habeas relief by pursuing the instant petition as one under § 2254." Further, Respondent states that if the Petitioner declines to withdraw the petition and the Court converts the action to one under § 2254, it should dismiss the petition since a claim involving conditions of confinement "is not cognizable under 28 U.S.C. § 2254," and even if it was Petitioner did not exhaust his state remedies.

On August 26, 2020, the Court issued a Motion Scheduling Order (ECF No. 12) that directed Petitioner to file and serve any response by September 16, 2020. Petitioner has not filed any response.

## DISCUSSION

Petitioner has filed the subject petition pursuant to 28 U.S.C. § 2241, proceeding *pro se,* and consequently the Court has construed his submission liberally, "to raise the strongest arguments that [it] suggest[s]." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994).

As a preliminary matter, the Court observes that while Petitioner's claims might appear to be more properly raised under 42 U.S.C. § 1983, it would not be appropriate for the Court to convert this action to one under Section 1983 since the only relief being sought is release from prison. *See, Steward v. Wolcott*, No. 20-CV-6282-FPG, 2020 WL 3574617, at *1 (W.D.N.Y. July 1, 2020) ("The Court previously held that Section 1983 is

3

unavailable to Petitioner because he seeks only release from custody and no other relief. ECF No. 8 at 7 n.5; *Steward*, 2020 WL 2846949, at *4 n.5; *see also Harrison v. Wolcott*, No. 20-CV-6270, 2020 WL 3000389, at *3 (W.D.N.Y. June 4, 2020) (rejecting motion to dismiss similar habeas petition as improperly filed Section 1983 claim). In the Second Circuit, prisoners may bring conditions of confinement claims as petitions for habeas corpus. *Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008). Accordingly, to the extent Petitioner is entitled to the relief he seeks (release from custody), the only viable mechanism for that relief is a habeas corpus petition pursuant to Section 2254.") (collecting cases).

Because Petitioner is in state custody, not federal custody, his petition should have been filed under 28 U.S.C. § 2254 and not 28 U.S.C. § 2241. *See, James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002) ("[A] state prisoner may challenge either the imposition or the execution of a sentence under Section 2254. Moreover, Section 2254(b)(1) requires state prisoners to exhaust all available state court remedies before filing a Section 2254 petition, whereas Section 2241 contains no such exhaustion requirement. Had Congress intended to make Section 2241 available to state prisoners, it would likely have required, in the interests of comity, that state prisoners challenging the execution of their state-imposed sentences first exhaust their remedies in the state courts.").

However, before the Court can convert this Petition to one brought under § 2254, it must first give Petitioner notice of its intention to convert the Petition and an opportunity to withdraw the Petition without prejudice because a petition filed under § 2254 is subject to the "second" or "successive" petition restrictions of 28 U.S.C. § 2244(b). *See Cook v. NYS Div. of Parole*, 321 F.3d 274, 281-82 (2d Cir. 2003); *see also Adams v. United*

4

*States*, 155 F.3d 582, 584 (2d Cir. 1998); *Torres v. Cronin*, 6:19-CV-06462-MAT, 2019 WL 6001000, at *2 (W.D.N.Y. Nov. 14, 2019) (finding that "the petition should have been brought under § 2254, not § 2241," citing *Cook*).  The United States Supreme Court has adopted the rule set forth by the Second Circuit in *Adams*.  *See Castro v. United States*, 540 U.S. 375, 383 (2004).

However, Petitioner has already been given notice and an opportunity to respond to Respondent's request that the Court convert his petition to one under § 2254, and he declined to make a response or to withdraw the petition.[2]  Consequently, the Court grants Respondent's request to convert the petition to one under § 2254.

Further, the Court agrees with Respondent that the petition must be dismissed without prejudice for failure to exhaust state remedies.

> Section 2254 contains a strict statutory exhaustion requirement barring relief unless the "applicant has exhausted the remedies available in the courts of the State," "there is an absence of available State corrective process," or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court."). A petitioner has exhausted his constitutional claims if he has "presented [them] to the highest state court from which a decision can be obtained." *Lewis v. Bennett*, 328 F. Supp. 2d 396, 403 (W.D.N.Y. 2004) (*citing Morgan v. Bennett*, 204 F.3d 360, 369 (2d Cir. 2000)).

*Steward v. Wolcott*, 2020 WL 3574617, at *2.  The petition does not indicate that Petitioner made any attempt to pursue state remedies before filing this action, nor has Petitioner responded to Respondent's arguments concerning exhaustion of remedies.  Nor is there any suggestion of facts that would excuse Petitioner from the exhaustion requirement.

---

[2] Petitioner has also been notified of the fact that if the petition is characterized as one under § 2254, he may be prevented from filing a later § 2254 petition. *See*, ECF No. 11-5 at p. 3.

*See, e.g., Steward v. Wolcott*, 2020 WL 3574617 at *3 ("Petitioner apparently has not even attempted to bring his action in state court.  Although New York state courts have implemented limitations related to COVID-19, those limitations do not apply to "emergency applications related to the coronavirus." As other courts in this Circuit have found in similar contexts, a § 2254 petitioner must exhaust state remedies. *See, e.g., Steward v. Wolcott*, 2020 WL 3574617 at *3 ("Because Petitioner failed to [exhaust state remedies] here, the Petition must be dismissed.").  Since Petitioner did not do so here, the Petition must be dismissed.

## CONCLUSION

For the foregoing reasons, Petitioner's request for preliminary injunctive relief is denied, Respondent's motion to dismiss, ECF No. 11, is granted, and the Petition is dismissed without prejudice.  The Clerk of the Court is directed to close this action.  The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Decision and Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962).  Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

IT IS SO ORDERED.

    /s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
UNITED STATES DISTRICT JUDGE

DATED:    April 16, 2021
               Rochester, NY